WESLEY WAGNER, an Infant, by FREDERICK L. WAGNER, His Guardian ad Litem, Appellant, v. ALBIN A. STUDLER, Doing Business as Studler's Sales and Service, Respondent. FLORENCE WAGNER, Appellant, v. ALBIN A. STUDLER, Doing Business as Studler's Sales and Service, Respondent. FREDERICK L. WAGNER, Appellant, v. ALBIN A. STUDLER, Doing Business as Studler's Sales and Service, Respondent. ALAYNE M. MURPHY, Appellant, v. ALBIN A. STUDLER, Respondent. JOHN A. MURPHY, Appellant, v. ALBIN A. STUDLER, Respondent. ALAYNE M. MURPHY, Plaintiff, v. FREDERICK WAGNER et al., Defendants. JOHN A. MURPHY, Plaintiff, v. FREDERICK WAGNER et al., Defendants.— Plaintiffs Wagner and Murphy appeal from judgments of Albany County Supreme Court rendered on jury verdicts of no cause of action in favor of defendant Studler and from orders denying motions to set aside the verdicts. No appeal was taken in the two actions of Murphy against Wagner. The actions grew out of a collision of two automobiles, one of which was owned by defendant Studler and operated by Clinton Wagner and the other owned by plaintiff, Frederick Wagner, and operated by plaintiff, Florence Wagner. Appellants assert reversible error in the trial court's charge. The actions were predicated upon the negligence of Clinton Wagner in operating the Studler automobile with the latter's consent and permission, though plaintiffs Murphy also alleged that the vehicle was being operated in Studler's employ and business. The trial court charged the jury that plaintiffs could recover from defendant Studler only if, at the time of the accident, Clinton Wagner was operating Studler's automobile within the scope of his employment. Plaintiffs Murphy excepted, requesting a charge that a verdict could be found against Studler if the operator of his car, though not in his employ, had it with his consent or permission. In response it was charged that " Section 59 of the Motor Vehicle Law creates a

liability which was not known at the common law. A mere licensee or bailee of an automobile, if he is negligent, creates liability on the part of the owner who gave him the automobile. However, Section 59 of the Motor Vehicle Law does not vary the rule of the common law as between principal and agent and the instructions which I have given you as to principal and agent at the beginning of this charge apply." The exception and request to charge so apprised the court of error as to call for a reading of section 59 and an instruction to the jury of its application to the pleadings and proof. At the close of the charge and before the exception and request just noted counsel for plaintiffs Wagner stated that he had no exceptions or requests. While that statement might well be deemed an acceptance of the charge as the law of the case, in the furtherance of justice the judgments and orders are reversed, on the law and facts, and new trials directed in the five actions of plaintiffs Wagner and Murphy against Studler, with costs to abide the event. Foster, P. J., Bergan, Coon and Imrie, JJ., concur.